**United States District Court**
For the Northern District of California

1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  LEVY GAMILIEL ABOITES                    No. C 13-2818 WHA (PR)
    LOPEZ,
11                                           **ORDER GRANTING MOTION TO**
                Petitioner,                  **DISMISS; DENYING CERTIFICATE**
12                                           **OF APPEALABILITY**
      v.
13
    CONNIE GIPSON,                           (Docket No. 4)
14
                Respondent.
15  _____/

16

17                            **INTRODUCTION**

18        Petitioner, a California prisoner proceeding pro se, filed this habeas case under 28

19  U.S.C. 2254.  Respondent was ordered to show cause why the petition should not be granted.

20  Respondent has filed a motion to dismiss on statute of limitations grounds.  Petitioner opposes

21  respondent's argument in both his petition and in an opposition.  Respondent filed a reply brief.

    For the reasons discussed below, respondent's motion to dismiss is **GRANTED**.
22
                               **STATEMENT**
23
          The following facts are not disputed by the parties.  In 2003 and 2005 petitioner entered
24
    guilty pleas in two separate cases to possession of a deadly weapon, carjacking, gang
25
    participation and attempting to dissuade a witness.  He was sentenced in both matters on July
26
    25, 2005, to a total term of twenty-three years in state prison.  The California Court of Appeal
27
    affirmed the conviction on October 3, 2006.  Petitioner did not seek review in the California
28
    Supreme Court.  He filed a habeas petition in the California Supreme Court in December 2012.

**United States District Court**

For the Northern District of California

1   The instant petition is deemed filed on the date it was signed, December 16, 2012.  *See Houston*

2   *v. Lack*, 487 U.S. 266, (1988); *Anthony v. Cambra*, 236 F.3d 569, 575 (9th Cir. 2000).

3                                                        **ANALYSIS**

4           Respondent contends that the petition is barred by the statute of limitations.  Under the

5   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), prisoners challenging non-

6   capital state convictions or sentences must file petitions for relief within one year of the latest of

7   the date on which: (A) the judgment became final after the conclusion of direct review or the

8   time passed for seeking direct review; (B) an impediment to filing an application created by

9   unconstitutional state action was removed, if such action prevented petitioner from filing; (C)

10  the constitutional right asserted was recognized by the Supreme Court, if the right was newly

11  recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the

12  factual predicate of the claim could have been discovered through the exercise of due diligence.

13  28 U.S.C. 2244(d)(1).

14          The parties agree that the applicable provision of section 2244(d)(1) in this case is

15  subsection (A), such that the limitations period began to run when the time for seeking direct

16  review expired.  Petitioner did not seek direct review in the California Supreme Court, and his

17  time for doing so expired on November 12, 2006, 40 days after the California Court of Appeal

18  affirmed the judgment.  *See* Cal. R. Ct. 8.366(b)(1), 8.500(e)(1).  That is the date the time for

19  seeking direct review expired under Section 2244(d)(1)(A) and therefore the date the one-year

20  limitations period started.  *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  The

21  limitations period expired one year later, on November 12, 2007.  The instant petition is deemed

22  filed over on December 19, 2012, over five years after the limitations period expired.

23  Therefore, absent tolling, the instant petition is untimely.

24          The one-year statute of limitations in AEDPA is tolled under Section 2244(d)(2) for the

25  "'time during which a properly filed application for state post-conviction or other collateral

26  review with respect to the pertinent judgment or claim is pending.'"  *Dictado v. Ducharme*, 244

27  F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. 2244(d)(2)).  Petitioner's only state court

28  habeas petition does not toll the limitations period, however, because it was filed long after the

                                                              2

1  limitations period had already expired.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.

2  2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has

3  ended before the state petition was filed," even if the state petition was timely filed).

4         Petitioner argues that the petition's untimeliness should be excused because dismissing

5  the petition would be a "miscarriage of justice."   A federal court may hear the merits of an

6  untimely claim if the failure to hear the claims would constitute a "miscarriage of justice." *See*

7  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013) (holding that miscarriage of justice

8  (actual innocence) showing applies to claims filed after the AEDPA statute of limitations has

9  run, as well as to successive, abusive and procedurally defaulted claims); *Lee v. Lampert*, 653

10  F.3d 929, 931 (9th Cir. 2011) (en banc).  The Supreme Court limits the "miscarriage of justice"

11  exception to habeas petitioners who can show that "a constitutional violation has probably

12  resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327

13  (1995) (citing *Murray v. Carrier*, 477 U.S. at 496).  Petitioner does not argue, let alone show,

14  that he is actually innocent.  Rather, he argues that a miscarriage of justice occurred because he

15  received bad advice from counsel and because the sentence he received is not authorized under

16  state law.  Even if true, neither of these arguments would establish his actual innocence or an

17  exception to AEDPA's bar on untimely petitions.

18         Petitioner also argues that he is entitled to equitable tolling.  The Supreme Court has

19  determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate

20  cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to

21  equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2)

22  that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at

23  2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005)).  The prisoner also must

24  show that the extraordinary circumstances "were the cause of his untimeliness." *Spitsyn v.*

25  *Moore*, 345 F.3d 796, 799 (9th Cir. 2003).   Petitioner argues that the reason for his delay are

26  his lack of legal expertise in the sometimes complex procedures for federal and state habeas

27  claims, and his need for help from other inmates. Neither the lack of legal expertise nor the

28  unavailability of his inmate helpers on their own constitute extraordinary circumstances that

United States District Court
For the Northern District of California

3

United States District Court

For the Northern District of California

1 warrant equitable tolling, however, on their own. *See Raspberry v. Garcia*, 448 F.3d 1150,

2 1154 (9th Cir. 2006) (lack of legal expertise not enough on its own to warrant equitable tolling)*;*

3 *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's pro se status,

4 law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were

5 transferred or too busy to attend to his petitions are not extraordinary circumstances "given the

6 vicissitudes of prison life"). In addition, while petitioner states that he has been diligent, more

7 than five years elapsed between the denial of his direct appeal and when he first sought legal

8 assistance from another inmate. He does not explain why he waited so long. Indeed, petitioner

9 does not describe any steps he took to try to obtain legal assistance or to learn what he needed

10 to do to pursue his claims in federal court. In the absence of any showing of diligence or

11 extraordinary circumstances that stood in the way of his filing his petition sooner, there is no

12 grounds for equitable tolling.

13     Accordingly, the instant petition is untimely.

14                                     **CONCLUSION**

15     Respondent's motion to dismiss (dkt. 4) is **GRANTED**. The petition for a writ of habeas

16 corpus is **DISMISSED**.

17     Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to

18 rule on whether a petitioner is entitled to a certificate of appealability in the same order in

19 which the petition is denied. Petitioner has failed to make a substantial showing that a

20 reasonable jurist would find the dismissal of his petition as untimely debatable or wrong. *Slack*

21 *v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is

22 warranted in this case.

23     The clerk shall enter judgment and close the file.

24     **IT IS SO ORDERED.**

25

26 Dated: December ___2___, 2013.

27                                     WILLIAM ALSUP
                                      UNITED STATES DISTRICT JUDGE

28

4